UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. McKERCHIE,

     Plaintiff,

                                  Case No. 1:23-cv-1195

v.

                                  Hon. Hala Y. Jarbou

SCOTT WRIGGLESWORTH, et al.,

     Defendants.

_____/

## OPINION

This matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment.  (ECF No. 15.)  For the reasons set out below, the Court will grant summary judgment and dismiss this case.

### I. BACKGROUND

Plaintiff initially filed this action against Sheriff Scott Wrigglesworth; Undersheriff Andrew Bouck; Chief Deputy Darin Southworth; Captain Robert Earle; Lieutenants Kevin Jewell, Melissa Brown, and Tom Agueros; Sergeants Jason Buckner, Jennifer Urban, Randy Gayton, and Brandon Doerr; Detective Chance Everidge; and Deputies Carli Reid, Ryan Watts, Todd Cantine, Ryan Druery, Ben DeRosa, Zachary Rosenberry, Mackenzie Greer, Kay Vanells, Unknown Douse, Unknown Powell, Unknown Klisch, and Unknown Kiger.  After screening, Plaintiff's excessive force claims against Defendants Doerr and Everidge are the only remaining claims in this case.  The evidence submitted by the parties establishes the following facts.

On September 21, 2020, Plaintiff was booked into the Ingham County Jail for the charge of Unlawfully Driving Away a Motor Vehicle, in violation of Mich. Comp. Laws § 750.413.  On November 13, 2020, Plaintiff escaped from the jail and stole a vehicle from a nearby residence.

After being on the run for eight days, the City of Lansing Police Department received a report that Plaintiff was leaving a residence at 1000 West Miller Road, and he was driving eastbound in the stolen vehicle.  Police responded to the area.  During the pursuit, Plaintiff crashed the stolen vehicle into a cemetery.  He then stole a second vehicle and crashed that vehicle in a horse pasture.

Plaintiff was apprehended by police near the second crash site.  He was handcuffed and placed in Deputy Staley's police car.  While in the car, Plaintiff began complaining about the handcuffs being too tight.  Deputy Staley replaced the handcuffs and checked them for tightness.  But, because Plaintiff recently escaped from jail and began saying that he would escape from jail again, Defendant Everidge began the process of applying "transport chains" on Plaintiff's wrists and ankles.  (ECF No. 16-3 at PageID.147.)  Defendant Doerr assisted Defendant Everidge because Plaintiff was agitated and not cooperative.  Defendant Everidge double locked the handcuffs and checked for tightness.

After Plaintiff was placed in the transport chains, Deputy Daley and Sergeant Doyle took Plaintiff to the hospital to obtain a medical clearance before returning Plaintiff to the Ingham County Jail.  On the way to the hospital, Plaintiff kicked out the plastic dividing window inside the police vehicle and spat on Deputy Staley.  Deputy Staley pulled over, and Plaintiff was transferred to another police vehicle for transport to the hospital.

At the hospital, Plaintiff continued to be aggressive and uncontrollable.  He tried to fight and spit on the police officers and yelled obscenities at the medical staff.  He eventually was chemically sedated and placed in four-point restraints.

## II. LEGAL STANDARD

Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment.  The Court previously found that Plaintiff's complaint contained sufficient facts to state a claim to relief that is plausible on its face against Defendants Doerr and Everidge.  (ECF No. 5.)  Discovery has

been completed, and Defendants filed their motion in accordance with the dispositive motion deadline.  Accordingly, the Court will analyze Plaintiff's motion under Federal Rule of Civil Procedure 56.

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."  *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).  The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).  Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

### III. ANALYSIS

Defendants argued that they are entitled to qualified immunity. The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). They can do so only if they can anticipate when their conduct might subject them to suit and if unjustified, that a lawsuit will be quickly terminated. *Id.* The analysis entails a two-step inquiry. *Martin v. City of Broadview Heights,* 712 F.3d 951, 957 (6th Cir. 2013). First, the Court must "determine if the facts alleged make out a violation of a constitutional right." *Id.* (citing *Pearson v. Callahan,* 555 U.S. 223, 232 (2009)). Second, the Court looks to see if the right at issue was "'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it." *Id.* (citing *Pearson*, 555 U.S. at 232). A court may address these steps in any order. *Id.* (citing *Pearson*, 555 U.S. at 236). A government official is entitled to qualified immunity if either step of the analysis is not satisfied. *See Citizens in Charge, Inc. v. Husted,* 810 F.3d 437, 440 (6th Cir. 2016).

Plaintiff alleges that Defendants subjected him to excessive force. "Excessive force claims can be resolved under the Fourth, Eighth and Fourteenth Amendments—the applicable amendment depends on the plaintiff's status at the time of the incident: a free citizen in the process of being arrested or seized; a convicted prisoner; or someone in 'gray area[s]' around the two." *Coley v.*

4

*Lucas County*, 799 F.3d 530, 537 (6th Cir. 2015).  Here, the parties analyze Plaintiff's claims under the Fourth Amendment.

It is not clear whether the Fourth Amendment or the Fourteenth Amendment should apply to this case.  In *Gravely v. Madden*, 142 F.3d 345, 347 (6th Cir. 1998), the Sixth Circuit held that the Eighth Amendment would apply to an excessive force claim where the plaintiff was a prisoner who had escaped from prison.  Here, Plaintiff was a pretrial detainee when he escaped from the Ingram County Jail.  Applying *Gravely's* reasoning, Plaintiff's excessive force claims should be analyzed under the Fourteenth Amendment, but any difference is minor because the Fourteenth Amendment's strictures on excessive force largely track the Fourth Amendment's "objective reasonableness" standard.  *See Coley*, 799 F.3d at 538 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015)).

The Fourth Amendment prohibits excessive force by law enforcement officers against individuals in their custody or under arrest.  *Hughey v. Easlick*, 3 F.4th 283, 289 (6th Cir. 2021). "To determine whether a constitutional violation based on excessive force has occurred, [the Sixth Circuit] applies 'the objective-reasonableness standard, which depends on the facts and circumstances of each case viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight.' "  *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010) (quoting *Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007)).  "Relevant considerations include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'"  *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The Sixth Circuit has established a three-part test for courts to apply to the specific excessive-force claim that law enforcement officials handcuffed a person's wrists too tightly:

(1) Did the plaintiff complain that the handcuffs were too tight?  (2) Did the officer ignore the complaint?   (3) Did the plaintiff experience "some physical injury" resulting from the handcuffing?  *Id.* (quoting *Morrison v. Bd. of Trustees of Green Twp.,* 583 F.3d 394, 401 (6th Cir. 2009)).  If a plaintiff establishes that there is a genuine dispute of material fact relevant to each of these elements, the court should deny a defendant's motion for summary judgment.  *Id.*[1]

Here, Plaintiff has failed to demonstrate a genuine issue of fact both with regard to whether Defendants ignored Plaintiff's complaints and whether Plaintiff experienced at least some physical injury.  First, Plaintiff has not presented any evidence to dispute that the officers checked the transport chains after Plaintiff complained.  The police reports show that Plaintiff was advised several times that the restraints were not too tight and that he needed to stop moving his wrists.  (ECF No. 16-3 at PageID.149.)  He did not comply with those orders.  He refused to keep his feet inside the police vehicle and eventually had to be physically pulled into the vehicle.  (*Id.*)  He also kicked out the plastic dividing partition in the police vehicle while being transported to the hospital.  Furthermore, Defendants provided evidence that they were not even in the police vehicle when Plaintiff was transferred to the hospital, and Plaintiff has failed to present any evidence to the contrary.

In addition, Plaintiff has not presented any evidence to show he suffered some physical injury.  The "some physical injury" prong is not demanding.  *Hughey,* 3 F.4th at 290.  The Sixth Circuit has held that "allegations of bruising and wrist marks create a genuine issue of material fact with regard to the injury prong."  *Morrison*, 583 F.3d 394, 403 (6th Cir. 2009).  The Sixth

---

[1] The Sixth Circuit has not applied the same three-part test to claims under the Fourteenth Amendment, but the Court finds that the factors discussed in *Binay* are just as sensible a framework for evaluating force used against pretrial detainees as they are for assessing force against arrestees or those not in the government's custody.

Circuit also held that a plaintiff who testified that they were handcuffed painfully, that the cuffs were tight enough to leave lingering ring marks, and that the marks caught the attention of a medical professional met their burden at summary judgment. *Hughey*, 3 F.4th at 290.

Here, there is no evidence that Plaintiff was physically injured. The evidence Plaintiff himself submitted shows only that he complained about the tightness of his restraints but Defendants shrugged him off and told him to stop moving (ECF No. 20-3 at PageID.149); that he reiterated his complaint to medical staff at the hospital to which he was taken for a checkup but that the staff asked him to stop flailing so they could remove the restraints (ECF No. 20-4 at PageID.225), and that those treating him considered taking X ray scans of Plaintiff's wrists and ankles after sedating him and placing him in four-point restraints. Not a single fact attested to by the documents Plaintiff relies on indicates that either the police or hospital staff noticed any physical manifestation of injury at the locations at which Plaintiff was cuffed. After his sedation, Plaintiff does not appear to have complained about his wrists or ankles again. (*See* ECF No. 16-7.) While the "some physical injury" standard is quite low, the Court finds that Plaintiff failed to demonstrate the existence of a genuine dispute of material fact on this element. Accordingly, Defendants are entitled to summary judgment on Plaintiff's excessive-force claim.

Lastly, to the extent Plaintiff alleges that the decision to place him in transport chains violated the Fourth Amendment, the claim is without merit. A "claim that handcuffing him, generally, was excessive force is analyzed under the general Fourth Amendment excessive-force framework." *Murphy v. May*, 714 F. Supp. 3d 851, 866 (E.D. Mich. 2024). Here, the record establishes that Plaintiff was a known flight risk who had recently escaped from jail and who repeatedly told Defendants that he would try to escape again. Based on this evidence, the decision

to chain Plaintiff up before taking him to the hospital was objectively reasonable.  Plaintiff's Fourth Amendment claim lacks merit.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion for summary judgment and dismiss the remaining claims in the complaint.

For the same reasons articulated herein, the Court finds that an appeal of this decision would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal of this matter by Plaintiff would therefore not be in good faith.

An order and judgment consistent with this Opinion will be entered.

Dated: September 18, 2025                                /s/ Hala Y. Jarbou
                                                                          HALA Y. JARBOU
                                                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because the Court concludes that Plaintiff's constitutional rights were not violated, it need not address whether those rights were clearly established.